Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
SIGRID R. WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGRID R. WILLIAMS, on behalf of herself, all others similarly situated,<br><br>        *Plaintiff,*<br><br>vs.<br><br>PREMIER SPECIALTY BRANDS LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>        *Defendants.* | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);<br>2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act);<br>3. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act);<br>4. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act);<br>5. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

COMES NOW, Plaintiff SIGRID R. WILLIAMS ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this class action against defendants PREMIER SPECIALTY BRANDS LLC, a Delaware limited liability company; and DOES 1 through 10, inclusively (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.      Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.      Plaintiff, individually and on behalf of all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.*), the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786 *et seq.*); and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. section 1331 because these claims seek redress for violation of Plaintiff's and the putative class' federal statutory rights under the Fair Credit Reporting Act (15 U.S.C. §§ 1681 *et seq.*).

5.      This Court has supplemental jurisdiction over Plaintiff's and the putative class' state law claims pursuant to 28 U.S.C. section 1367(a) because these claims are so closely related to Plaintiff's and the putative class' federal wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint

1 | occurred in this District.

2 |      7.     This Court has personal jurisdiction over this matter because Defendants conduct

3 | substantial business activity in this District, and because many of the unlawful acts described in this

4 | complaint occurred in this District and gave rise to the claims alleged.

5 | **PARTIES**

6 |      8.     Plaintiff is, and at all relevant times mentioned herein, an individual residing in the

7 | State of California.

8 |      9.     Defendant PREMIER SPECIALTY BRANDS LLC is, and at all relevant times

9 | mentioned herein, a corporation organized and existing under the laws of Delaware and doing

10 | business in the State of California.

11 |      10.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of

12 | participation in the conduct alleged herein, of the defendants sued as DOES 1 through 10, inclusive,

13 | but is informed and believes and thereupon alleges that the defendants are legally responsible for

14 | the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.

15 | Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants

16 | when ascertained.

17 |      11.     Plaintiff is informed and believes and thereupon alleges that, at all relevant times

18 | mentioned herein, all defendants were the agents, employees and/or servants, masters or employers

19 | of the remaining defendants, and in doing the things hereinafter alleged, were acting within the

20 | course and scope of such agency or employment, and with the approval and ratification of each of

21 | the other defendants.

22 |      12.     Plaintiff alleges that each and every one of the acts and omissions alleged herein

23 | were performed by and/or attributable to all defendants, each acting as agents and/or employees,

24 | and/or under the direction and control of each of the other defendants, and that the alleged acts and

25 | failures to act were within the course and scope of the agency, employment and/or direction and

26 | control.

27 | **CLASS ALLEGATIONS**

28 |      13.     This action is brought and may be maintained as a class action pursuant to Federal

1  Rules of Civil Procedure 23 because there is a well-defined community of interest among the

2  persons who comprise the readily ascertainable classes defined below and because Plaintiff is

3  unaware of any difficulties likely to be encountered in managing this case as a class action.

4      14.    **Class Definitions:**  The classes are defined as follows:

5      **FCRA Class:**  All of Defendants' current, former and prospective applicants for
       employment in the United States who applied for a job with Defendants at any time during
6      the period for which a background check was performed beginning five years prior to the
       filing of this action and ending on the date that final judgment is entered in this action.

7

8      **ICRAA Class:**  All of Defendants' current, former and prospective applicants for
       employment in California, at any time during the period beginning five years prior to the
       filing of this action and ending on the date that final judgment is entered into this action.

9

10     **CCRAA Class:**  All of Defendants' current, former and prospective applicants for
       employment in California, at any time during the period beginning seven years prior to the
       filing of this action and ending on the date that final judgment is entered in this action.

11

12     15.    **Reservation of Rights:**  Plaintiff reserves the right to amend or modify the class

13  definitions with greater specificity, by further division into sub-classes and/or by limitation to

14  particular issues.

15     16.    **Numerosity:**  The class members are so numerous that the individual joinder of each

16  individual class member is impractical.  While Plaintiff does not currently know the exact number

17  of class members, Plaintiff is informed and believes that the actual number exceeds the minimum

18  required for numerosity under California law.

19     17.    **Commonality and Predominance:**  Common questions of law and fact exist as to

20  all class members and predominate over any questions which affect only individual class members.

21  These questions include, but are not limited to:

22      A.    Whether Defendants failed to comply with the requirements of 15 U.S.C. §

23            7001 section 101(c)(1);

24      B.    Whether Defendants willfully failed to provide the class with stand-alone

25            written disclosures before obtaining a credit or background report in

26            compliance with the statutory mandates;

27      C.    Whether Defendants willfully failed to identify the name, address, telephone

28            number, and/or website of the investigative consumer reporting agency

1    conducting the investigation;

2    D.    Whether Defendants willfully failed to identify the source of the credit report

3    to be performed;

4    E.    Whether Defendants willfully failed to comply with the FCRA, ICRAA

5    and/or the CCRAA.

6    18.    **Typicality:** Plaintiff's claims are typical of the other class members' claims.

7    Plaintiff is informed and believes and thereupon alleges that Defendants have a policy, practice or

8    lack of a policy or practice which resulted in Defendants failing to comply with the FCRA, ICRAA

9    and CCRAA as alleged herein.

10    19.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in

11    that she has no interests that are adverse to, or otherwise in conflict with, the interests of the absent

12    class members.  Plaintiff is dedicated to vigorously prosecuting this action on behalf of class

13    members.  Plaintiff will fairly and adequately represent and protect the interests of class members.

14    20.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

15    they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

16    class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff

17    and absent class members.

18    21.    **Superiority:** A class action is vastly superior to other available means for fair and

19    efficient adjudication of class members' claims and would be beneficial to the parties and the Court.

20    Class action treatment will allow a number of similarly situated persons to be simultaneously and

21    efficiently prosecute their common claims in a single forum without the unnecessary duplication of

22    effort and expense that numerous individual actions would entail.  In addition, the monetary

23    amounts due to many individual class members are likely to be relatively small and would therefore

24    make it difficult, if not impossible, for individual class members to both seek and obtain relief.

25    Moreover, a class action will serve an important public interest by permitting class members to

26    effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

27    potential for inconsistent or contradictory judgments inherent in individual litigation.

28    ///

4

CLASS ACTION COMPLAINT

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22. Plaintiff was employed by Defendants beginning on or about April 21, 2015 and was terminated sometime in December 2017.

23. When Plaintiff applied for employment, Defendants performed a background investigation on Plaintiff.

24. Defendants did not provide legally compliant disclosure and authorization forms to Plaintiff and the putative class.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

**(15 U.S.C. §§ 1681b(b)(2)(A))**

**(Plaintiff and FCRA Class Against All Defendants)**

25. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

26. Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

27. Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

28. Section 1681a(d)(1) of the FCRA defines "consumer report" as:

> "The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

29. Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> "The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with

1  neighbors, friends, or associates of the consumer reported on or with others with
   whom he is acquainted or who may have knowledge concerning any such items off
2  information.  However, such information shall not include specific factual
   information on a consumer's credit record obtained directly from a creditor of the
3  consumer or from a consumer reporting agency when such information was obtained
   directly from a creditor of the consumer or from the consumer."
4  Accordingly, a credit and background report qualifies as an investigative consumer report.

5      30.    Section 1681b(b)(2)(A) of the FCRA provides:

6      Conditions for furnishing and using consumer reports for employment purposes
       Except as provided in subparagraph (B), a person may not procure a consumer
7      report, or cause a consumer report to be procured, for employment purposes with
       respect to any consumer, unless—

8
       (i)  A *clear and conspicuous* disclosure has been made in writing to the
9           consumer at any time before the report is procured or caused to be procured,
            in a document that *consists solely of the disclosure*, that a consumer report
10          may be obtained for employment purposes; and

11     (ii)  The consumer has authorized in writing (which authorization may be made
            on the document referred to in clause (i)) the procurement of the report by
12          that person. (Emphasis added.)

13     31.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made

14  in writing.

15     32.    Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section

16  7001(c), the disclosures do not satisfy the written requirement.

17     33.    Plaintiff alleges, upon information and belief, that in evaluating her and other class

18  members for employment, Defendants procured or caused to be procured credit and background

19  reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section

20  1681a(d)(1)(B) and 15 U.S.C. section 1681a(e)).

21     34.    The purported disclosures do not meet the requirements under the law because they

22  are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-

23  alone documents.

24     35.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer

25  report or investigative consumer report for employment purposes unless the disclosure is made in a

26  document that consists solely of the disclosure and the consumer has authorized, in writing, the

27  procurement of the report. (15 U.S.C. § 1681b(b)(@0(A0(i)-(ii).)  The inclusion of a release and

28  other extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

36.     Although the disclosure and authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> "The disclosure may not be part of an employment application because the language [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information.  The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure."

37.     The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly warned that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion letter, the FTC stated:

> "[W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA.  The inclusion of such a waiver in a disclosure form will violate section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

38.     In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C. section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

39.     By including a release and other extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate" and therefore violates sections 1681b(b)(2)(A0 and 1681d(a).

40.     Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is willful.  Defendants acts in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.  Defendants' willful conduct is

7

1   reflected by, among other things, the following facts:

2           A.    Defendants are a large corporation with access to legal advice;

3           B.    Defendants required a purported authorization to perform credit and

4                 background checks in the process of employing the class members which,

5                 although defective, evidences Defendants' awareness of and willful failure to

6                 follow the governing laws concerning such authorizations;

7           C.    The plain language of the statute unambiguously indicates that inclusion of a

8                 liability release and other extraneous information in a disclosure form

9                 violates the disclosure and authorization requirements; and

10          D.    The FTC's express statements, pre-dating Defendants' conduct, which state

11                that it is a violation of section 1681b(b)(2)(A) of the FCRA to include a

12                liability waiver in the disclosure form.

13      41.    Defendants required a liability release in the disclosure form, along with other

14  extraneous information, that releases all parties involved from any liability and responsibility for

15  releasing information they have about the Plaintiff to Defendants.

16      42.    Based upon the facts likely to have evidentiary support after a reasonable

17  opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy

18  and practice of procuring investigative consumer reports or causing investigative consumer reports

19  to be procured for applicants and employees without informing them of their right to request a

20  summary of their rights under the FCRA at the same time as the disclosure explaining that an

21  investigative consumer report may be made.  Pursuant to that policy and practice, Defendants

22  procured investigative consumer reports or caused investigative consumer reports to be procured for

23  Plaintiff and class members, as described above, without informing class members of their rights to

24  request a written summary of their rights under the FCRA.

25      43.    Accordingly, Defendants willfully violated and continue to violate the FCRA,

26  including but not limited to, sections 1681b(b)(2)(A) and 1681d(a).  Defendants' willful conduct is

27  reflected by, among other things, the facts set forth above.

28      44.    As a result of Defendants' unlawful procurement of credit and background reports by

1  way of their inadequate disclosures, as set forth above, Plaintiff and class members have been

2  injured, including but not limited to, having their privacy and statutory rights invaded in violation of

3  the FCRA.

4     45. Plaintiff, on behalf of herself and all class members, seek all available remedies

5  pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive

6  damages, injunctive and equitable relief and attorneys' fees and costs.

7     46. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

8  alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C.

9  section 1681o, including statutory damages and attorneys' fees and costs.

10  **SECOND CAUSE OF ACTION**

11  **FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA**

12  **(15 U.S.C. § 1681d(a)(1) and 1681g(c))**

13  **(Plaintiff and FCRA Class Against All Defendants)**

14     47. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged

15  herein.

16     48. Section 1681d(a) states:

17     (a) Disclosure of fact of preparation
   A person may not procure or cause to be prepared an investigative consumer report
18     on any consumer unless–

19      (1) it is ***clearly and accurately disclosed to the consumer*** that an investigative
    consumer report including information as to his character, general reputation,
20      personal characteristics, and mode of living, which are applicable, may be
    made, and such disclosure

21

22       (A) is ***made in a writing mailed, or otherwise delivered, to the consumer***, not
     later than three days after the date on which the report was first requested,
     and

23

24       (B) ***includes a statement informing the consumer of his right to request the
     additional disclosures*** provided for under subsection (b) of this section and
     ***the written summary of the rights of the consumer prepared pursuant to
25       section 1681g(c)*** of this title; and

26     (Emphasis added.)

27     49. Section 1681d(b) states:

28     (b) Disclosure on request of nature and scope of investigation

9

1    Any person who procures or causes to be prepared an investigative consumer report
on any consumer shall, upon written request made by the consumer within a
2    reasonable period of time after the receipt by her of the disclosure required by
subsection (a)(1), make a ***complete and accurate disclosure of the nature and scope***
3    ***of the investigation requested***. This disclosure shall be made in a writing mailed, or
after the date on which the request for such disclosure was received from the
4    consumer or such report was first requested, whichever is the later.
(Emphasis added.)

5    50.    As previously alleged, because Defendants' disclosures do not meet the requirement

6    of Section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy the written

7    requirement.

8    51.    Moreover, even if Defendants' disclosures are deemed to satisfy Section 101(c)(1),

9    Defendants did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the

10    consumer of the right to have the person who procured the report provide a complete and accurate

11    disclosure of the nature and scope of the investigation requested.

12    52.    Section 1681g(c) further provides for summary of rights to obtain and dispute

13    information in consumer reports and to obtain credit scores:

14    (c) Summary of rights to obtain and dispute information in consumer reports and to
obtain credit scores

15    (1) Commission
16    Summary of rights required

17    (A) In general
The Commission shall prepare a model summary of the rights of consumers
18    under this subchapter.

19    (B) Content of summary
The summary of rights prepared under subparagraph (A) shall include a
20    description of–

21    (i)    the right of a consumer to obtain a copy of a consumer report under
subsection (a) from each consumer reporting agency;
22    
23    (ii)   the frequency and circumstances under which a consumer is entitled to
receive a consumer report without charge under section 1681j of this
title;
24    
25    (iii)  the right of a consumer to dispute information in the file of the
consumer under section 1681i of this title;

26    (iv)   the right of a consumer to obtain a credit score from a consumer
reporting agency, and a description of how to obtain a credit score;
27    
28    (v)    the method by which a consumer can contact, and obtain a consumer
report from, a consumer reporting agency without charge, as provided

CLASS ACTION COMPLAINT

1   in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

2

3   (vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

4

5   53.   Defendants did not comply with 1681g(c)(B)(1) because the disclosures did not state

6   the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

7   54.   Defendants did not comply with 1681g(c)(B)(2) because the disclosure did not state

8   the frequency and circumstances under which a consumer is entitled to receive a consumer report

9   without charge.

10   55.   Defendants did not comply with 1681g(c)(B)(3) because the disclosure did not state

11   the right of a consumer to dispute information in the file of the consumer.

12   56.   Defendants did not comply with 1681g(c)(B)(4) because the disclosure did not state

13   the right of a consumer to obtain a credit score from a consumer reporting agency and a description

14   of how to obtain a credit score.

15   57.   Defendants did not comply with 1681g(c)(B)(5) because the disclosure did not state

16   the method by which a consumer can contact, and obtain a consumer report from, a consumer

17   reporting agency without charge.

18   58.   Defendants did not comply with 1681g(c)(B)(6) because the disclosure did not state

19   the method by which a consumer can contact, and obtain a consumer report from, a consumer

20   reporting agency described in section 1681a(w) of this title, as provided in the regulations of the

21   Bureau prescribed under section 1681j(a)(1)(C) of this title.

22   **THIRD CAUSE OF ACTION**

23   **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE ICRAA**

24   **(Cal. Civ. Code §§ 1786 *et seq.*)**

25   **(Plaintiff and ICRAA Class Against All Defendants)**

26   59.   Plaintiff incorporates the preceding paragraphs in the Complaint as if fully alleged

27   herein.

28   60.   Defendants are "persons" as defined by section 1786.2(a) of the ICRAA.

11
CLASS ACTION COMPLAINT

61.    Plaintiff and **ICRAA Class** members are "consumers" within the meaning of section 1786.2(b) of the ICRAA because they are "individuals."

62.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

"The term investigative consumer report means a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

63.    Accordingly, a background check qualifies as an investigative consumer report under the ICRAA.

64.    Section 1786.16(a)(2) of the ICRAA provides:

(2)  If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

   (A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.

   (B) The person procuring or causing the report to be made provides a ***clear and conspicuous*** disclosure in writing to the consumer at any time before the report is procured or caused to be made ***in a document that consists solely of the disclosure***, that:

      (i)   An investigative consumer report may be obtained.

      (ii)  The permissible purpose of the report is identified.

      (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

      (iv)  Identifies the ***name, address, and telephone number of the investigative consumer reporting agency*** conducting the investigation.

      (v)   Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

      (vi)  ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identified in clause (iv), or, ***if the agency has no Internet Web site address, the telephone number of the agency***, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall be operative on January 1, 2012.

   (C) The consumer has authorized in writing the procurement of the report.

   (Emphasis added.)

CLASS ACTION COMPLAINT

1        65.     As previously alleged, because Defendants' disclosures do not meet the requirements

2  of section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy section 1786.16(a)(2)

3  of the ICRAA requirement that the disclosures be made in writing.

4        66.     As described above, Plaintiff alleges that in evaluating her and other class members

5  for employment, Defendants procured or caused to be prepared investigative consumer report (e.g.

6  background checks) as described by Civil Code section 1786.2(c).

7        67.     Because the purported disclosures are embedded with extraneous information and

8  are not clear and unambiguous disclosures in stand-alone documents, they do not meet the

9  requirements under the law.

10       68.     Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer

11  report or investigative consumer report for employment purposes unless the disclosure is made in a

12  document that consists solely of the disclosure and the consumer has authorized, in writing, the

13  procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C).  The inclusion of a Release and

14  other extraneous information therefore violates section 1786.16(a)(2)(B) of the ICRAA.

15       69.     The plain language of the statute clearly indicates that the inclusion of a liability

16  release in a disclosure form violates the disclosure and authorization requirements of the ICRAA

17  because such a form would not consist "solely" of the disclosure.

18       70.     By including a Release and other extraneous information, Defendants willfully

19  violated section 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous

20  provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates section

21  1786.16(a)(2)(B).

22       71.     Based upon facts that are likely to have evidentiary support after a reasonable

23  opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and

24  practice of failing to provide adequate written disclosure to applicants and employees, before

25  procuring background checks or causing background checks to be procured, as described above.

26  Pursuant to that policy and practice, Defendants procured background checks or caused background

27  checks to be procured for Plaintiff and class members without first providing a written disclosure in

28  compliance with section 1786.16(a)(2)(B) of the ICRAA, as described above.

72.     Defendants' conduct in violation of Section 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a) Defendants are large corporations with access to legal advice;

(b) Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c) The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

73.     As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

74.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Civil Code section 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

75.     In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil Code section 1786.50(a), including actual damages and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE CCRAA

#### (Cal. Civ. Code §§ 1785 *et seq.*)

#### (Plaintiff and CCRAA Class Against All Defendants)

76.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

14

77.    Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

78.    Plaintiff and **CCRAA Class** members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

79.    Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2) employment purposes...

Thus, a credit report qualifies as a consumer credit report under the CCRAA.

80.    Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and *shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report...*

(Emphasis added.)

81.    As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Section 1785.3(c).

82.    The disclosure provided by Defendants does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. This omission clearly violates Section 1785.20.5(a) of the CCRAA, as delineated above.

83.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with Section 1785.20.5(a) of the CCRAA, as described above.

84.    Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was and is

CLASS ACTION COMPLAINT

1  willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their

2  obligations and the rights of applicants and employees, including Plaintiff and class members.

3  Defendants' willful conduct is reflected by, among other things, the following facts:

    (a)    Defendants are large corporations with access to legal advice;

    (b)    Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

    (c)    The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

14      85.    As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

17      86.    Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Civil Code section 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

20      87.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil Code section 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(Plaintiff and FCRA, ICRAA and CCRAA Class Against All Defendants)**

88.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

1  herein.

2      89.    Business and Professions Code section 17200 defines "unfair competition" to

3  include any unlawful business practice.

4      90.    Business and Professions Code sections 17203–17204 allow a person who has

5  lost money or property as a result of unfair competition to bring a class action in accordance with

6  Code of Civil Procedure section 382 to recover money or property that may have been acquired

7  from similarly situated persons by means of unfair competition.

8      91.    Federal and California laws require certain disclosures and proper authorization

9  before conducting background checks and obtaining information from credit and background

10 reports in connection with a hiring process.

11     92.    Plaintiff and the **FCRA, ICRAA and CCRAA Class** re-alleges and incorporates by

12 reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

13     93.    Plaintiff lost money or property as a result of the aforementioned unfair

14 competition.

15     94.    Defendants have, or may have, acquired money by means of unfair competition.

16     95.    Defendants have violated Federal and California laws through their policies and

17 practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer

18 credit reports (referred to collectively as "credit and background reports") to conduct background

19 checks on Plaintiff and other prospective, current and former employees and use information from

20 credit and background reports in connection with their hiring process without providing proper

21 disclosures and obtaining proper authorization in compliance with the law.

22     96.    The unlawful conduct of Defendants alleged herein amounts to and constitutes

23 unfair competition within the meaning of Business and Professions Code sections 17200, *et seq.*

24 Business and Professions Code section 17200, *et seq.*, protects against unfair competition and

25 allows a person who has suffered an injury-in-fact and has lost money or property as a result of an

26 unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf

27 of other similarly situated persons in a class action proceeding.

28     97.    Plaintiff is informed and believes that other similarly situated persons have been

17

1   subject to the same unlawful policies or practices of Defendants.

2         98.    Due to its unfair and unlawful business practices in violation of Federal and

3   California laws as alleged herein, Defendants have gained a competitive advantage over other

4   comparable companies doing business in the State of California that comply with their legal

5   obligations.

6         99.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

7   herself and the other members of the **FCRA, ICRAA and CCRAA Class**, seeks declaratory relief

8   and restitution of all monies rightfully belonging to them that Defendants did not pay them or

9   otherwise retained by means of its unlawful and unfair business practices.

10         100.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

11   for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

12   violates or is considered unlawful under any other state or federal law.

13         101.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203,

14   Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining

15   Defendants, and each of them, and their agents and employees, from further violations of the

16   FCRA, ICRAA and CCRAA; and upon a final hearing seek an order permanently enjoining

17   Defendants, and each of them, and their respective agents and employees, from further violations

18   of the FCRA, ICRAA and CCRAA.

19         102.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

20   and/or the common fund doctrine, Plaintiff and the other members of the **FCRA, ICRAA and**

21   **CCRAA Class** are entitled to recover reasonable attorneys' fees in connection with their unfair

22   competition claims.

23                      **PRAYER FOR RELIEF**

24       WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for

25   relief and judgment against Defendants as follows:

26           A.    An order that the action be certified as a class action;

27           B.    An order that Plaintiff be appointed class representative;

28           C.    An order that counsel for Plaintiff be appointed class counsel;

| | | |
|---|---|---|
| D. | Statutory penalties; | |
| E. | Civil penalties; | |
| F. | Punitive damages; | |
| G. | Injunctive relief; | |
| H. | Costs of suit; | |
| I. | Interest; | |
| J. | Restitution; | |
| K. | Reasonable attorneys' fees; and | |
| L. | Such other relief as the Court deems just and proper. | |

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED: February 27, 2018                    SETAREH LAW GROUP


_____

SHAUN SETAREH
Attorneys for Plaintiff
SIGRID R. WILLIAMS

CLASS ACTION COMPLAINT